IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOHN D. BLACK, | ) |
| | ) |
|     Plaintiff, pro se, | ) **MEMORANDUM OPINION** |
| | ) **AND RECOMMENDATION** |
| v. | ) |
| | )     1:10CV727 |
| NEW JERSEY STATE, | ) |
| | ) |
|     Defendant. | ) |

**I. Background and Alleged Facts**

On September 17, 2010, Plaintiff John D. Black filed a complaint against the State of New Jersey, alleging that "the City of Newark[,] a [M]unicipal Corporation of the State of New Jersey" committed foreclosure fraud against Plaintiff. (docket no. 2 at 2). Plaintiff alleges that Defendant engaged in a "real property consperiacy [sic] . . . with the intent to deprive plaintiff of his constitutional rights by wilfully [sic] taking all of the real properties that plaintiff owned in the [State of New Jersey]." (*Id.* at 1). The properties referred to in Plaintiff's complaint are the following: (1) 519 South 16th Street block 334 lot 20; (2) 313-315 South Orange Ave. Block 1779 Lot 42; and (3) 59 Magnolia Street. (*Id.*).

This complaint is Plaintiff's second complaint filed in this district regarding the same issues and claims. Plaintiff's first complaint in this court, filed June 14, 2006, was dismissed for improper venue (1:06-CV-00534 docket no. 43). Plaintiff's claims in this case are identical to the claims alleged in the 2006 suit against the City of

Newark. The sole difference between the two complaints is that the named Defendant has been changed from the City of Newark to the State of New Jersey; however, the facts alleged in both cases are the same. Plaintiff alleges in both complaints that the City of Newark and the State of New Jersey took possession of his properties mentioned above.

Plaintiff also filed an earlier complaint against the City of Newark in the Eastern District of North Carolina alleging substantially the same facts regarding two of the three properties mentioned in the present complaint. (*See* 5:98-CV-00696). On July 15, 1999, Senior United States District Judge W. Earl Britt dismissed the case for lack of personal jurisdiction and lack of subject matter jurisdiction. (5:98-CV-00696-BR, docket no. 21).

## II. Discussion

A. Res Judicata Principles of Claim Preclusion and Issue Preclusion

The court first addresses, sua sponte, whether Plaintiff's claims are barred by res judicata principles.[1] As noted, Plaintiff's amended complaint substituted the State of New Jersey as the sole Defendant in place of the City of Newark. With the

---

[1] The district court may sua sponte raise the issue of res judicata in special circumstances, such as here, where the previous action was litigated in the same district court, or where all relevant data and legal records are before the court and judicial economy will be served by invoking res judicata sua sponte. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006); *Carbonell v. La. Dep't of Health & Human Res.*, 772 F.2d 185, 189 (5th Cir. 1985).

exception of this change, the allegations in this case are the same as those in the previous case.

The doctrine of *res judicata* encompasses both the concept of claim preclusion and issue preclusion, or collateral estoppel. *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996).[2] The doctrine of claim preclusion provides that if a later case arises from the same cause of action as an earlier case, then the prior judgment bars litigation of both every matter already adjudicated, as well as every claim that might have been presented at that time. *Id.* at 1315; *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 43 (4th Cir. 1990). Three elements must be met to satisfy claim preclusion: (1) a judgment on the merits in the prior suit, rendered by a court of competent jurisdiction, (2) resolving claims by the same parties *or their privies*, and (3) a subsequent suit based on the same cause of action. *In re Varat Enters., Inc.*, 81 F.3d at 1315; *Aliff*, 914 F.2d at 42.

The doctrine of issue preclusion, or collateral estoppel, prevents a party from relitigating issues of fact or law "that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate." *Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998) (quoting

---

[2] As the Fourth Circuit observed in *In re Varat Enters., Inc.*, the term "res judicata" is sometimes used interchangeably with the term "claim preclusion," as the term "collateral estoppel" is sometimes used interchangeably with the term "issue preclusion." *See* 81 F.3d at 1315 n.5. To avoid confusion, the court here uses the term "res judicata" as the broader doctrine encompassing both claim preclusion and issue preclusion.

*Ramsay v. INS*, 14 F.3d 206, 210 (4th Cir. 1994) (alteration in original)). Both claim preclusion and issue preclusion (collateral estoppel) serve "the dual purpose of protecting litigants from the burden of relitigating an identical issue . . . and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).

Plaintiff in this case has already had a sufficient opportunity to pursue his claims in both the Eastern District and the Middle District of North Carolina. The case was dismissed both times. Plaintiff has had a sufficient opportunity to present the issues of fact involved in those claims. As a municipal corporation of the State of New Jersey, the City of Newark is in privity with the State of New Jersey and vice versa. A party who would be precluded from relitigating an issue with one party is also precluded from doing so with another party absent circumstances that justify giving the party another opportunity to litigate the issue. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 29 (1982). Plaintiff has not provided any basis for relitigating the issue against the State of New Jersey in place of the City of Newark.

Plaintiff has already received a judgment on the merits in his prior suit, rendered by a court of competent jurisdiction. He has resolved claims with the privities of the State of New Jersey and his present suit is based on the same cause of action. Because Plaintiff's complaint meets all of these elements, it is barred by claim preclusion. Identical issues are presented in this case as the previous case,

and, therefore, litigation of those issues is barred by collateral estoppel. In sum, Plaintiff's complaint is barred on the grounds of *res judicata*.

B. Sanctions

Plaintiff has filed the same suit in this court twice and in the Eastern District of North Carolina once. Given the fact that Plaintiff is apparently unwilling to voluntarily cease his repetitious litigation, the time has now come to put his abuse of the federal judicial system to rest.

"Courts have the authority to protect defendants from the harassment of frivolous and vexatious lawsuits, and to protect themselves from having to process frivolous and repetitive papers." *Armstrong v. Koury Corp.*, 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998). In addition, "[t]he court is given substantial discretion to craft appropriate sanctions, and an injunction from filing any further actions is an appropriate sanction to curb groundless, repetitive, and frivolous suits." *Id.* This court recommends that Plaintiff be placed under a pre-filing injunction requiring him to obtain leave of court before filing any further civil actions. This procedure has been used with regard to other abusive civil litigants, and would serve here to cease the drain on scarce judicial resources imposed by Plaintiff's voluminous and repetitive filings. The imposition of such an injunction would also serve to protect Defendant from having to respond to similar harassing litigation in the future.

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the court dismiss this action with prejudice on the grounds of *res judicata*. Moreover, **IT IS FURTHER RECOMMENDED THAT PLAINTIFF JOHN D. BLACK BE ENJOINED** from filing any lawsuits, motions, or additional allegations against the State of New Jersey, its constituent institutions, and (or) its officials unless he seeks and obtains leave from the undersigned or from a United States District Court of competent jurisdiction, after Plaintiff first attaches copies of the entirety of the pleadings from the following cases, *Black v. New Jersey State*, 1:10CV727, M.D.N.C. (filed Sept. 17, 2010), *Black v. City of Newark*, 1:06CV534, M.D.N.C. (filed June 14, 2006), *Black v. City of Newark*, 5:98-CV-696-BR (3), E.D.N.C. (order filed July 19, 1999), and after Plaintiff submits a detailed written statement explaining why the new lawsuit, motion, or allegation is materially different from those in the foregoing three cases.

_____
WALLACE W. DIXON
United States Magistrate Judge

November 30, 2010